THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS
Assistant United States Attorney
California Bar No. 248634
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2442
    Fax No.: (213) 894-7819
    Indira.J.Cameron-Banks@usdoj.gov

Attorney for Carlos Gutierrez, Secretary of Commerce

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LOU VANZANT CARTER )<br><br>   Plaintiff, )<br><br>       v. )<br><br>CARLOS GUTIERREZ, Secretary of )<br>Commerce, et al. )<br><br>   Defendants. )<br> )<br> )<br> ) | CV 08-01958 GW (SHx)<br><br><br>DATE: June 30, 2008<br>TIME: 8:00 a.m.<br>COURTROOM: 10<br><br>Hon. George H. Wu |

**(1)**  **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**;

**(2)**  **MEMORANDUM OF POINTS AND AUTHORITIES; AND**

**(3)**  **ATTACHMENTS**

1    **PLEASE TAKE NOTICE** that on June 30, 2008, at 8:00 a.m. or as soon

2  thereafter as the parties may be heard, Secretary of Commerce Carlos Gutierrez

3  will bring for hearing a motion to dismiss pursuant to Federal Rules of Civil

4  Procedure 12(b)(1) and 12(b)(6).  The hearing will take place before the Honorable

5  George H. Wu, in Courtroom 10 of the Federal Courthouse, 312 N. Spring St., Los

6  Angeles, CA 90012.

7    The Secretary of Commerce, by and through his undersigned counsel,

8  respectfully moves this Court to dismiss Plaintiff's action pursuant to Fed.R.Civ.P.

9  12(b)(1) for lack of subject matter jurisdiction.  This motion is based upon this

10  Notice, the accompanying Memorandum of Points and Authorities, and

11  attachments, all pleadings and papers on file in this action, and upon such other and

12  further arguments, documents and grounds as may be advanced in the future.

13    This Motion is made following the conference of counsel pursuant to Local

14  Rule 7-3 which occurred on May 21, 2008.

15

16  DATED: May 30, 2008        THOMAS P. O'BRIEN
                               United States Attorney
17                             LEON W. WEIDMAN
                               Assistant United States Attorney
18                             Chief, Civil Division
                                         /s/
19                             INDIRA J. CAMERON-BANKS
                               Assistant United States Attorney
20                             Attorneys for Federal Defendant

21

22

23

24

25

26

27

28

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On March 24, 2008, Plaintiff, Lou VanZant Carter, filed the instant action against Secretary of Commerce Carlos Gutierrez, Earl Estrada, and Charles Sheridan, and Does 1-10.[1]  The Complaint asserts the following eight causes of action: (1) gender discrimination pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*, (2) retaliation pursuant to Title VII*.,* (3) violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2611 *et seq.*, by denial of leave, (4) violation of the FMLA by retaliation, (5) violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, by disability discrimination, (6) violation of the ADA by failure to accommodate, (7) violation of the ADA by failure to engage in the interactive process, and (8) invasion of privacy pursuant to both the United State Constitution and California tort law.  All eight claims are asserted against the Secretary of Commerce and Does 1-10.  The eighth cause of action for invasion of privacy is also asserted against Defendants Estrada and Sheridan.  Plaintiff alleges that these claims stem from her employment as a Special Agent with the Department of Commerce, Bureau of Industry and Security, Office of Export Enforcement ("OEE").  See Complaint ¶¶ 6-7.

The Court lacks jurisdiction over causes of action three (3) through eight (8) because Plaintiff, as a federal employee, may not assert claims against her federal employer pursuant to the FMLA or the ADA.  Additionally she is precluded, by the Civil Service Reform Act (CSRA), 5 U.S.C. § 1101 *et seq.*, from asserting an invasion of privacy claim against Secretary of Commerce based on state law or the

---

[1]This Motion is brought on behalf of Carlos Gutierrez, the Secretary of Commerce.  The responses of Earl Estrada and Charles Sheridan, who Plaintiff alleges were her supervisors at all times relevant to this action, to the Complaint are not yet due as they were served after the Secretary of Commerce.  See Complaint ¶¶ 8-9.

1   United States Constitution.  Lastly, the Secretary of Commerce is the only proper

2   defendant in an Title VII action brought by a former employee of the Department

3   of Commerce.

## II.

## ARGUMENT

6           This Court must presume that it lacks subject matter jurisdiction over this

7   matter, until Plaintiffs, as the parties seeking to invoke the jurisdiction of the

8   federal court, establish otherwise. Kokkonen v. Guardian Life Ins. Co. of America,

9   511 U.S. 375, 377, 114 S.Ct. 1673, 1675,(1994); see also StockWest, Inc. v.

10  Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  Plaintiffs have the

11  burden of establishing the jurisdiction of this Court.  Stock West, Inc. v.

12  Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (noting that a federal

13  court is presumed to lack subject matter jurisdiction until the contrary affirmatively

14  appears); see also Fed. R. Civ. P. 8(a)(1).   No jurisdiction can be established over

15  the federal defendant until sovereign immunity is expressly waived.  See Gilbert v.

16  DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) ("It is well settled that the United

17  States is a sovereign, and, as such, is immune from suit unless it has expressly

18  waived such immunity and consented to be sued.")  See also Vacek v. U.S. Postal

19  Serv., 447 F.3d 1248, 1250 (9th Cir. 2006)("Sovereign Immunity is an important

20  limitation on the subject matter jurisdiction of federal courts.").  Moreover, the

21  Court cannot have jurisdiction over a suit against a federal agency unless Congress

22  expressly, by statute, revokes that agency's immunity.  See United States v. King,

23  395 U.S. 1, 4 (1969); Gerritsen v. Consulado General de Mexico, 989 F.2d 340,

24  343 (9th Cir.1993).

25  **A.      Causes of Action Three and Four Of The Complaint Seeking Relief**

26          **Pursuant to FMLA Should Be Dismissed For Lack of Jurisdiction.**

27          The FMLA provides both private and federal employees with entitlements to

28  periods of leave for certain enumerated circumstances. Russell v. U.S. Dep't of the

1    Army, 191 F.3d 1016, 1018 (9th Cir.1999).  Most federal employees that are

2    covered by the FMLA are covered pursuant to Title II of the Act, 5 U.S.C. § 6381

3    *et seq.,* and not Title I of the Act, 29 U.S.C. § 2601 *et seq.*  See 29 U.S.C.A. §

4    2611(2)(B)(I) (defining eligible employees under Title I of the Act); see also 5

5    U.S.C. § 6381(1)(A)-(B) (defining employees eligible pursuant to Title II of the

6    Act); 29 C.F.R. § 825.109; Russell, 191 F.3d at 1018; Martinez v. Snow, 2006 WL

7    3654618 at *4 (E.D. Cal. 2006); Easterly v. Dep't of the Army, 2008 WL 2054798

8    at *4 (E.D. Cal 2008).  The Complaint states that Plaintiff was an employee

9    working with the "OEE" for more than twelve months prior to the alleged violation

10   of FMLA.  See Complaint, ¶¶ 90 and 96.  Accordingly, Plaintiff is covered by Title

11   II of the FMLA.

12          Title II of the Act, unlike Title I of the Act, contains no provision providing

13   a private right of action authorizing suit against an employer for an alleged FMLA

14   violation.  Russell, 191 F.3d at 1018.  Further, Title II's absence of express

15   statutory authorization for suits coupled with Title I's provision allowing such suits

16   indicates that Congress clearly intended to bar judicial review of FMLA claims

17   brought by an employee covered by Title II of the FMLA because sovereign

18   immunity cannot be abrogated absent an unequivocal, express waiver.  Id. At

19   1018-19 (citing Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997)).  Thus, FMLA

20   claims brought by a Title II employee against her federal employer should be

21   dismissed.  Russell, 191 F.3d at 1018-19; Mann, 120 F.3d at 37; Martinez v. Snow,

22   2006 WL 3654618 at *4; Easterly v. Dep't of the Army, 2008 WL 2054798 at *4.

23   Accordingly, the Third and Fourth Causes of Action in Plaintiff's Complaint

24   should be dismissed for lack of subject matter jurisdiction.

25   **B.      Causes of Action Five, Six and Seven of the Complaint Seeking Relief**

26           **Pursuant to the ADA Should Be Dismissed For Lack of Jurisdiction.**

27          The ADA generally proscribes disability-based discrimination by employers

28   against an employee.  See 42 U.S.C. §12112.  Further, the ADA allows individuals

5

1  to avail themselves of the remedies provided by Title VII on the basis of disability
2  discrimination.  See 42 U.S.C. §12117.  The ADA, however, provides no remedy
3  to a federal employee asserting employment discrimination claims against her
4  employer because the statute expressly excludes the United States as an entity
5  covered by the ADA. See 42 U.S.C. §12111(2) and (5)(B)(I); Rivera v. Heyman,
6  157 F.3d 101, 103 (2nd Cir.1998); Mannie v. Potter 394 F.3d 977, 982 (7th Cir.
7  2005).  Moreover,  such claims are barred by sovereign immunity and should be
8  dismissed for lack of subject matter jurisdiction. Easterly v. Dep't of the Army,
9  2008 WL 2054798 at *4; Jordan v. Evans 404 Fed. Supp.2d 28 (D.D.C. 2005).

10        A federal employee alleging disability discrimination must seek relief
11  pursuant to the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, not the ADA. See
12  Rivera, 157 F.3d at 103; Jones v. Potter, 488 F.3d 397, 403 (6th Cir. 2007).  The
13  Court, however, would not have jurisdiction over any claims brought pursuant to
14  the Rehabilitation Act prior to the Plaintiff exhausting her administrative remedies
15  as to such claims.  See 29 U.S.C. § 794a (provision of the Rehabilitation Act
16  incorporating the provision of Title VII that makes exhaustion a prerequisite to
17  filing an action for discrimination in the workplace.). Plaintiff did not exhaust her
18  administrative remedies as to disability discrimination.  See Plaintiff's formal
19  Equal Employment Opportunity Complaint, attached hereto; see also Declaration
20  of Susan E. Thomas ("Thomas Decl."), ¶ 5(c).[2]  Accordingly, even if the Plaintiff

21

22        [2] When considering a motion to dismiss pursuant to Rule 12(b)(1), the
23  district court may review evidence outside the pleadings to resolve factual disputes
    concerning the existence of jurisdiction without converting the motion to one for
24  summary judgment.  See, e.g., Land v. Dollar, 330 U.S. 731, 735 n.4, 67 S. Ct.
25  1009, 1011 n.4, 91 L. Ed. 1209 (1947) ("when a question of the District Court's
    jurisdiction is raised ... the court may inquire by affidavits or otherwise, into the
26  facts as they exist."); Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th
27  Cir. 1983) (consideration of material outside the pleadings did not convert a Rule
28  12(b)(1) motion into one for summary judgment).

6

1 | were attempting to assert a claim of disability discrimination pursuant to the

2 | Rehabilitation Act, as opposed to the ADA, Plaintiff's failure to exhaust available

3 | administrative remedies would preclude this Court's from exercising jurisdiction

4 | over the claim.  See Jordan, 404 F. Supp. at 30 (dismissing a federal employee

5 | plaintiff's ADA claim although she attempted to amend the Complaint to add a

6 | claim under the Rehabilitation Act because she had failed to exhaust her

7 | administrative remedies.)  Thus, the Court should dismiss causes of action five, six

8 | and seven for lack of jurisdiction.

9 | **C.    Cause of Action Eight of the Complaint Seeking Relief Pursuant to a**

10 | **Theory of Invasion of Privacy Should Be Dismissed for Lack of**

11 | **Jurisdiction.**

12 | Plaintiff attempts to pursue a claim for invasion of privacy pursuant to both

13 | California state law and the United States Constitution.[3]  See Complaint ¶ 113 .

14 | Such claims, however, may not be asserted by Plaintiff because they are preempted

15 | by the CSRA.  The CSRA provides a framework for evaluating adverse personnel

16 | action against federal employees and prescribes the remedies applicable to such

17 | actions, including the availability of administrative and judicial review.  U.S. v.

18 | Fausto, 484 U.S. 439, 443, 108 S. Ct. 668, 671, 98 L.Ed.2d 830.  The CSRA

19 | outlines the merit-system principles to which federal personnel management

20 | should adhere.  Id. at  446.  These principles include allowing all employees to

21 | receive proper regard for their privacy and constitutional rights.  5 U.S.C. § 2301.

22 | Further, actions taken by a federal employer that are inconsistent with this

23 | principle is deemed a "prohibited personnel practice" under the CSRA.  5 U.S.C.

24 |

---

25 | [3] In the eighth cause of action, Plaintiff asserts a constitutional tort claim

26 | against Commerce Secretary Gutierrez pursuant to Bivens v. Six Unknown Named
Agents of the Fed. Narcotics Bureau, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed2d 69

27 | (1971)(holding that federal officers, acting under the color of law, could be held

28 | liable for damages for violated the plaintiff's individual's Fourth Amendment
rights. ) See Complaint ¶ 114.

§2302(b)(12).  The CSRA, which offers administrative remedies to federal employees alleging prohibited personnel practices, preempts and, therefore, precludes Plaintiff from asserting an invasion of privacy tort claim, framed as either a state tort law claim or a constitutional tort, to adjudicate an employment-related dispute.[4]  <u>Saul v.U.S</u>, 928 F.2d 829 (1991)(holding that the CSRA preempted a federal employee's invasion of privacy claim, based on allegations that his supervisors opened his personal mail, whether the claim was asserted as a constitutional tort or a state law tort.)  The eighth cause of action is based on the same factual allegations that Plaintiff uses to support her other employment-related discrimination claims.  <u>See</u> Complaint ¶ 111.  Accordingly, Plaintiff is limited to the remedies provided to her as a federal employee under the CSRA and is precluded from asserting a tort claim against Defendant Gutierrez.

**D.     Causes of Action One and Two Against Unnamed Does Should Be Dismissed.**

To the extent Plaintiff is attempting to assert claims pursuant to Title VII against unnamed does, the claims should be dismissed as Defendant Gutierrez is the only proper defendant in an action brought pursuant to Title VII.  See 42 USC §2000e-16 (c) ("An employee or applicant for employment, if aggrieved by the final disposition of . . . [her] complaint, or by the failure to take final action on his

---

[4]Furthermore, Plaintiff would have to comply with the provisions of the FTCA in order to apply the state law theory of liability against her federal employer.  <u>See</u> 28 U.S.C. § 2674.  The FTCA is the exclusive vehicle for pursuing claims for "injury or loss of property, or personal injury or death arising out of or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the course and scope of his office or employment."  28 U.S.C. § 2679(b)(1).  However, the United States is the only proper defendant under the FTCA.  28 U.S.C. § 2679(a). Further, in order to bring an FTCA claim, Plaintiff would have had to have filed the  necessary prerequisite administrative claim prior to initiating this action.  28 U.S.C. § 2675(a).  Plaintiff did not file any such claim.  <u>See</u> Declaration of M. Timothy Conner (Conner Decl.) ¶ 2.  Accordingly, this Court cannot assume jurisdiction over an invasion of privacy claim brought pursuant to a state law.

8

1  complaint, may file a civil action as provided in section 2000e-5 of this title, in

2  which civil action the head of the department, agency, or unit, as appropriate, shall

3  be the defendant.") Accordingly, Plaintiff's attempt to sue unnamed does on a

4  theory of employment discrimination is improper and all such claims should be

5  dismissed against the unnamed doe defendants.

6                                              **V.**

7                                      **CONCLUSION**

8          For the foregoing reasons, the Court should dismiss causes of action three

9  (3) through eight (8) and all claims against unnamed doe defendants pursuant to

10  Federal Rules of Civil Procedure 12(b)1 for lack of subject matter jurisdiction.

11  Dated: May 30, 2008

12                                      Respectfully submitted,

13                                      THOMAS P. O'BRIEN
                                        United States Attorney
14                                      LEON W. WEIDMAN
                                        Assistant United States Attorney
15                                      Chief, Civil Division

16                                      _____/s/_____
                                        INDIRA J. CAMERON-BANKS
17                                      Assistant United States Attorney
                                        Attorneys for Federal Defendants

18

19

20

21

22

23

24

25

26

27

28