THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS
Assistant United States Attorney
California Bar No. 248634
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2442
    Fax No.: (213) 894-7819
    Indira.J.Cameron-Banks@usdoj.gov

Attorneys for Federal Defendants,
Carlos Gutierrez, Secretary of Commerce, and
The United States of America

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LOU VANZANT CARTER | CV 08-01958 GW (SHx) |
| Plaintiff, | |
| v. | |
| CARLOS GUTIERREZ, Secretary of Commerce, et al. | DATE: September 15, 2008<br>TIME: 8:00 a.m.<br>COURTROOM: 10 |
| Defendants. | Hon. George H. Wu |

**(1)** **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**;

**(2)** **MEMORANDUM OF POINTS AND AUTHORITIES; AND**

**(3)** **DECLARATIONS**

1

2  **PLEASE TAKE NOTICE** that on September 15, 2008, at 8:00 a.m. or as
3  soon thereafter as the parties may be heard, Secretary of Commerce Carlos
4  Gutierrez and the United States of America ("Federal Defendants") will bring for
5  hearing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1).
6  The hearing will take place before the Honorable George H. Wu, in Courtroom 10
7  of the Federal Courthouse, 312 N. Spring St., Los Angeles, CA 90012.

8  Federal Defendants, by and through their undersigned counsel, respectfully
9  move this Court to dismiss Causes of Action Three through Six pursuant to
10 Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.  This motion is based
11 upon this Notice, the accompanying Memorandum of Points and Authorities ans
12 attachments, and declarations of Susan Thomas and Timothy Connor, all pleadings
13 and papers on file in this action, and upon such other and further arguments,
14 documents and grounds as may be advanced in the future.

15 This Motion is made following the conference of counsel pursuant to Local
16 Rule 7-3 which commenced on May 21, 2008 and continued on several occasions
17 thereafter.

18

19 DATED: July 23, 2008        THOMAS P. O'BRIEN
                                United States Attorney
20                              LEON W. WEIDMAN
                                Assistant United States Attorney
21                              Chief, Civil Division

22                                      /s/
                                 INDIRA J. CAMERON-BANKS
23                              Assistant United States Attorney
                                Attorneys for Federal Defendant
24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On June 23, 2008, Plaintiff filed the First Amended Complaint ("FAC") in this action against Federal Defendants. Plaintiff alleges that this action stems from her employment as a Special Agent with the Department of Commerce, Bureau of Industry and Security, Office of Export Enforcement ("OEE"). See FAC ¶¶ 6-7.

The FAC asserts the following six causes of action: (1) gender discrimination pursuant to Title VII, 42 U.S.C. § 2000e *et seq.,* (2) retaliation pursuant to Title VII*.,* (3) disability discrimination pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, ("Rehabilitation Act"), (4) failure to accommodate pursuant to the Rehabilitation Act, (5) failure to engage in the interactive process pursuant to the Rehabilitation Act, and (6) invasion of privacy. The FAC asserts the Title VII and the Rehabilitation Act claims against Commerce Secretary and Does 1-10.[1] The FAC asserts the invasion of privacy claim against Earl Estrada, Charles Sheridan and Does 1-10; the United States of America has been substituted for Earl Estrada and Charles Sheridan pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2679(a), as to the state tort law claim.[2]

The Court, lacks jurisdiction over Plaintiff's disability discrimination and invasion of privacy claims.  First, Plaintiff failed to exhaust the disability

---

[1] To the extent Plaintiff attempts to assert Title VII claims against unnamed does, those claims should be dismissed because Defendant Gutierrez, as the Secretary of Commerce, is the only proper defendant in an action brought pursuant to Title VII.  See 42 USC §2000e-16 (c).

[2] The FTCA is the *exclusive* vehicle for pursuing claims for "injury or loss of property, or personal injury or death arising out of or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the course and scope of his office or employment." 28 U.S.C. § 2679(b)(1). Liability in an FTCA case is determined pursuant to the law of the state where the alleged wrongful act occurred. 28 U.S.C. § 1346(b) (1) and § 2672; see also Bolt v. U.S., 509 F.3d 1028, 1031 (9th Cir. 2007).

discrimination claims (causes of action three through five) as required by the Rehabilitation Act.  Second, Plaintiff's invasion of privacy claim is preempted by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 *et seq.*

## II.
## DISCUSSION

This Court must presume that it lacks subject matter jurisdiction over this matter, until Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, establish otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675,(1994); see also StockWest, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (noting that a federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears); see also Fed. R. Civ. P. 8(a)(1).  Further, even where a plaintiff's pleadings are technically sufficient to establish some basis of jurisdiction, a Rule 12(b)(1) motion may allege that there is an actual lack of jurisdiction.  See, e.g. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

Until sovereign immunity is expressly waived, no jurisdiction can be established over Federal Defendants. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued."); See also Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006)("Sovereign Immunity is an important limitation on the subject matter jurisdiction of federal courts.")  Furthermore, there is no right to money damages in a suit against the United States without an "unequivocally expressed" waiver of sovereign immunity.  Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.1983).  While Plaintiff asserts that she is entitled to monetary damages based on claims brought pursuant the Rehabilitation Act, Plaintiff failed to exhaust her administrative remedies, a statutory prerequisite for any individual seeking to avail

herself of the statutory remedies. Furthermore, the CSRA preempts Plaintiff's invasion of privacy claim, and consequently precludes Plaintiff from pursuing the claim.

**A.  The Court Lacks Jurisdiction Over Plaintiff's Disability Discrimination Claims Because Plaintiff Failed to Exhaust Her Administrative Remedies As Required by the Rehabilitation Act.**

The Court should dismiss all three of Plaintiff's claims for disability discrimination (causes of action three through five) brought pursuant to the Rehabilitation Act because the Court lacks jurisdiction over them. The District Court lacks subject matter jurisdiction over disability discrimination claims brought pursuant to the Rehabilitation Act when the federal employee asserting those claims fails to exhaust his or her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") prior to initiating the action in District Court. Leong v. Potter, 347 F.3d 1117, 1121-22 (9th Cir. 2003)(Plaintiff's disability claim was properly dismissed for lack of jurisdiction because Plaintiff postal worker failed to administratively exhaust the claim.) The Rehabilitation Act, through statutory provision 29 U.S.C. § 794a, provides federal employees with the rights and remedies offered to them by Title VII, and consequently incorporates the Title VII requirement that an federal employee exhaust her administrative remedies before pursuing a discrimination claim in District Court. Boyd v. U.S. Postal Service, 752 F.2d 410, 412-13 (9th Cir. 1985). Plaintiff claims she exhausted her administrative remedies as required by Title VII. See FAC ¶¶ 4-5. However, while Plaintiff did file a formal EEO complaint alleging sex discrimination, she never alleged or gave any indication that her complaints stemmed from any alleged disability discrimination. See Plaintiff's formal Equal Employment Opportunity Complaint, attached hereto; see also Declaration of

Susan E. Thomas ("Thomas Decl."), ¶ 5(c).[3]  Plaintiff failed to administratively exhaust the disability discrimination claims pursuant to the Rehabilitation Act prior to initiating this action.  Accordingly, this Court should dismiss them for lack of subject matter jurisdiction.

**B.     The Court Lacks Jurisdiction Over The Invasion of Privacy Claim BecauseIt Is Preempted by the CSRA.**

The FAC seemingly asserts that Plaintiff is pursuing an invasion of privacy claim pursuant to both California tort law and the United States Constitution.[4]  See FAC ¶ 113 .  The CSRA, however, preempts such an invasion of privacy claim.  The CSRA provides a framework for evaluating adverse personnel action against federal employees and prescribes the remedies applicable to such actions, including the availability of administrative and judicial review.  U.S. v. Fausto, 484 U.S. 439, 443, 108 S. Ct. 668, 671, 98 L.Ed.2d 830.  The CSRA outlines the merit-system principles to which federal personnel management should adhere.  Id. at 446.  These principles include allowing all employees to receive proper regard for their privacy and constitutional rights.  5 U.S.C. § 2301.  Further, actions taken by a federal employer that are inconsistent with this principle is deemed a "prohibited

---

[3] The Court may review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgement.  See Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment); See, also, Land v. Dollar, 330 U.S. 731, 735 n.4, 67 S. Ct. 1009, 1011 n.4, 91 L. Ed. 1209 (1947) ("when a question of the District Court's jurisdiction is raised ... the court may inquire by affidavits or otherwise, into the facts as they exist.").

[4] Notably, Plaintiff cannot pursue the invasion of privacy claim as a constitutional tort.  An individual federal officer cannot be held liable for damages stemming from an alleged constitutional tort when the actions allegedly giving rise to the claim stem from the employment context. Bush v. Lucas 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2nd 648 (1983); see also Brown v. General Services Administration,  425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402  (1976).

4

personnel practice" under the CSRA. 5 U.S.C. §2302(b)(12). The Ninth Circuit has held that the CSRA, which offers administrative remedies to federal employees alleging prohibited personnel practices, preempts and, therefore, precludes, an invasion of privacy claim, regardless of whether it is framed as a tort stemming from state common law or the United States Constitution, to adjudicate an employment-related dispute. Saul v. U.S, 928 F.2d 829 (1991)(holding that the CSRA preempted a federal employee's invasion of privacy claim, based on allegations that his supervisors opened his personal mail, whether the claim was asserted as a constitutional tort or a state law tort.); see also Brown v. General Services Administration, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976) (Title VII preempts more general remedies and "provides the exclusive judicial remedy for claims of discrimination in federal employment.") Plaintiff's invasion of privacy claim is based on the same factual allegations that Plaintiff uses to support her other employment-related discrimination claims. See FAC ¶ 111. Plaintiff, as a former federal employee, can only avail herself of the remedies provided for by the CSRA and Title VII to recover money damages for her employment-related grievances. Accordingly, the Court should dismiss Plaintiff's invasion of privacy claim should for lack of jurisdiction.[5]

## III.
## CONCLUSION

---

[5] Moreover, the Court cannot assume jurisdiction over Plaintiff's invasion of privacy claim pursuant to the FTCA because Plaintiff failed to administratively exhaust her administrative remedies, as required by the FTCA, prior to initiating this action. 28 U.S.C. § 2675(a). This requirement that Plaintiff file an administrative claim and exhaust her administrative remedies is a jurisdictional prerequisite to her FTCA claim. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980). Plaintiff did not file any such claim. See Declaration of M. Timothy Conner (Conner Decl.) ¶ 2. Moreover, Plaintiff does not even allege that she exhausted her administrative remedies or complied with the administrative claim requirements of the FTCA. Accordingly, even if the Court found that Plaintiff could pursue the invasion of privacy claim pursuant to the FTCA, the Court would still lack jurisdiction over the claim.

For the foregoing reasons, the Court should dismiss causes of action three (3) through six (6), pursuant to Federal Rules of Civil Procedure 12(b)1 for lack of subject matter jurisdiction.

Dated: July 23, 2008

                    Respectfully submitted,

                    THOMAS P. O'BRIEN
                    United States Attorney
                    LEON W. WEIDMAN
                    Assistant United States Attorney
                    Chief, Civil Division

                            /s/
                    INDIRA J. CAMERON-BANKS
                    Assistant United States Attorney
                    Attorneys for Federal Defendants