THE GILLAM LAW FIRM
*A Professional Law Corporation*
CAROL L. GILLAM, State Bar No. 102354
KAMRAN KHAJAVI-NOURI, State Bar No. 233894
1801 Century Park East, Suite 1560
Los Angeles, California 90067
Telephone: (310) 203-9977
Facsimile:  (310) 203-9922
carol@gillamlaw.com; kamran@gillamlaw.com

Attorneys for Plaintiff Lou VanZant Carter

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU VANZANT CARTER, <br><br> Plaintiff, <br><br> vs. <br><br> CARLOS GUTIERREZ, SECRETARY OF COMMERCE, EARL ESTRADA, an individual, CHARLES SHERIDAN, an individual, and DOES 1 through 10, <br><br> Defendants. | CASE NO.: CV 08-01958 GW (SHx) <br><br> [Assigned for all purposes to the Hon. George H. Wu, Dept. 10] <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE: September 15, 2008 <br> TIME:  8:00 a.m. <br> PLACE: Courtroom 10 <br><br> Complaint Filed: March 24, 2008 |

Plaintiff Lou VanZant Carter ("Plaintiff") respectfully submits the following Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss for the judgment on the pleadings regarding the third, fourth, fifth, and sixth causes of action in Plaintiff's First Amended Complaint ("FAC") on file in this

////

////

////

////

0

action. This opposition is based on the attached memorandum of points and authorities, the FAC, and all other documents on file in this action, and such other evidence and arguments as may be offered at or before a hearing on this matter.

DATED: September 2, 2008.        Respectfully submitted,

                                      THE GILLAM LAW FIRM
                                      *A Professional Law Corporation*


                                      By:/s/Kamran Khajavi-Nouri
                                          CAROL L. GILLAM
                                          KAMRAN KHAJAVI-NOURI
                                          Attorneys for Plaintiff Lou VanZant Carter

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Lou VanZant Carter filed the instant action on March 24, 2008 against Defendants Carlos Gutierrez, Secretary of Commerce ("Gutierrez"), Charles Sheridan ("Sheridan") and Earl Estrada ("Estrada") (collectively, "Defendants") after Plaintiff was discriminated and harassed by the Defendants and forced to resign her position due to a hostile work environment.  Subsequently, Plaintiff filed the FAC on June 16, 2008, where she voluntarily dismissed the FMLA claims for Denial of Leave and Retaliation.  Defendants now move to dismiss the third, fourth, and fifth causes of action, brought under the Rehabilitation Act of 1973 for Disability Discrimination, Failure to Accommodate, and Failure to Engage in Interactive Process (collectively, "disability discrimination claims").  In addition, Defendants also move to dismiss the sixth claim for invasion of privacy for lack of subject matter jurisdiction.

In their motion, Defendants concede that Plaintiff may allege disability discrimination by asserting a cause of action under the Rehabilitation Act but argue that such claims are precluded because Plaintiff did not allege disability discrimination in her administrative complaint.  Because Plaintiff's disability discrimination claims are like or reasonably related to the facts contained within her administrative complaint, Plaintiff's claims under the Rehabilitation Act must stand and the Court should deny Defendants' Motion to Dismiss on this point.

## II.  ARGUMENT

### A.  *Plaintiff Has Exhausted Her Administrative Remedies Since Her Third, Fourth and Fifth Causes of Action For Disability Discrimination Are Like or Reasonably Related to Factual Allegations Raised In Plaintiff's Administrative Complaint.*

In their motion, Defendants argue that Plaintiff's claims for disability discrimination are barred because Plaintiff failed to exhaust her administrative

1

remedies. (Def. Mem. 3:4-4:4).  This contention misses the mark.

The "crucial element of a charge of discrimination is the factual statement contained therein." *Evans v. U.S. Pipe & Foundry, Co.*, 696 F. 2d 925, 929 (11th Cir. 1983).  And if plaintiff's allegations in her civil complaint are "like or reasonably related to" the factual allegations in the original administrative complaint, then federal court jurisdiction is established. *Sosa v. Hiraoka,* 920 F.2d 1451, 1457 (9th Cir. 1990); see also *Brown v. Lind-Waldock & Co., et al.*, 996 F.Supp. 809, 810 (N.D. Ill. 1998) (holding that plaintiff's disability claim was reasonably related to the allegations in his EEOC charge despite the fact that he did not check the "disability" box on the EEOC charge).   Courts have justified this policy on the theory that "to require a second filing by the aggrieved party ... would serve no purpose other than the creation of an additional procedural technicality." *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d  726, 729 (9th Cir. 1984); see also *Oubichon v. North Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973).

In applying this standard, the court "must construe the charge liberally." *Sosa v. Hiraoka*, 920 F.2d at 1457; see also *Accord, Gregory v. Ga. Dep't of Human Res.*, 355 F.2d 1277, 1280 (11th Cir. 2004) (explaining that courts are "extremely reluctant to allow procedural technicalities to bar claims" brought under the ADA). A plaintiff meets the standard where the allegations in the civil suit are within the scope of the administrative investigation "which can reasonably be expected to grow out of the charge of discrimination." *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001).

Here, Defendants concede that Plaintiff filed a complaint of discrimination on October 31, 2006 ("2006 Complaint") which Defendants attached to the Declaration of Susan E. Thomas. (Def. Mem. 7:12-14).  In addition to identifying the instances of gender discrimination and retaliation she endured throughout her tenure at the Department of Commerce, Plaintiff articulated her own disability and identified

Defendant Sheridan's constant and persistent refusal to accommodate her medical needs. Specifically, Plaintiff stated:

> At this point, I could not handle this situation with Charlie and I had to see a mental health professional because I was under stress, I could not sleep, and felt ill because of Charlie. (D.E. 17-3, p. 4).

> On June 21, 2006 at approximately 5:20 a.m., I called Assistant Special Agent in Charge (ASAC) Charlie Sheridan, Special Agent in Charge (SAC) Estrada Estrada (sic), and Special Agent (SA) Carlos Olivo, who was the duty agent that week, to notify them that I was requesting sick leave because I was not feeling well... When I contacted Charlie, he canceled my leave and ordered me to report to the office at 1:00 p.m. (D.E. 17-3, p. 4).

> I called Charlie and informed him that I would not be in because I could not drive because my eye had started twitching, burning and watery (sic) yesterday on my drive back from Las Vegas, NV and this morning it was red, burning, puffy and I was seeing blurry. (D.E. 17-3, p. 14).

> The work environment was not improving and I was under a lot of stress because of it. I could not sleep. It was affecting my health: I was getting chest pains and fast heart palpitations; I had shortness of breath; I was getting chronic headaches; I felt nauseous; my hands were shaky; I had back, shoulder and neck pain; my eyes were twitching and I was getting blurry vision; my face was breaking out; I had trouble thinking clearly and I could not concentrate. (D.E. 17-3, p. 15).

Plaintiff then goes on to recite that Defendant Sheridan assigned Plaintiff to go to "Camarillo, CA then to Agoura Hills, CA, then to Torrance, CA" driving over 160 miles, even though Defendant clearly knew about her medical issues. (D.E. 17-3, p. 14).

It is abundantly clear by the preceding statements that, despite not "checking the box" for disability discrimination, Plaintiff, a lay person, claimed she was being discriminated against on the basis of her disability. Plaintiff's description of her own disability and the multiple references to Defendants' discriminatory practices strongly indicate that a charge of disability discrimination was like or reasonably related to Plaintiff's allegations contained in her 2006 Complaint and reasonably expected to grow out of the other charges of gender discrimination and retaliation

she alleged. Plaintiff's disability discrimination claim should come as no surprise to Defendants. As such, Plaintiff has exhausted her administrative remedies with regard to her claims under the Rehabilitation Act.

### B. *Plaintiff Did Not File a Complaint With the Office of Special Counsel and She Will Voluntarily Dismiss Her Sixth Claim.*

Before pursuing an invasion of privacy claim under California tort law or the United States Constitution, Plaintiff should have filed a complaint with the Office of Special Counsel. 5 U.S.C. § 1212; see also *Saul v. U.S.*, 928 F.2d 829, 835 (9th Cir. 1991). Plaintiff concedes that she did not take such action and hereby voluntarily dismisses her sixth claim for invasion of privacy.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule Defendants' motion for judgment on the pleadings as to the third, fourth and fifth causes of action in the Complaint for disability discrimination.

DATED: September 2, 2008.             Respectfully submitted,

                                          THE GILLAM LAW FIRM
                                          *A Professional Law Corporation*

                                          By:/s/Kamran Khajavi-Nouri
                                             CAROL L. GILLAM
                                             KAMRAN KHAJAVI-NOURI
                                             Attorneys for Plaintiff Lou VanZant Carter

4

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**