THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS
Assistant United States Attorney
California Bar No. 248634
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2442
    Fax No.: (213) 894-7819
    Indira.J.Cameron-Banks@usdoj.gov

Attorneys for Defendant Carlos Gutierrez, Secretary of Commerce

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOU VANZANT CARTER<br><br>    Plaintiff,<br><br>        v.<br><br>CARLOS GUTIERREZ, Secretary of Commerce, et al.<br><br>    Defendants. | CV 08-01958 GW (SHx)<br><br>**DEFENDANT GUTIERREZ'S ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Hon. George H. Wu |

    The Defendant Carlos Gutierrez, in his official capacity as the Secretary of Commerce, and without waiving the below-listed affirmative defenses, hereby admits, denies and answers the First Amended Complaint (FAC) as follows:

**JURISDICTION AND VENUE**

1.     The Defendant states that the allegations contained in this paragraph constitute legal conclusions and/or assertions of a jurisdictional basis for this action and therefore do not require a response. To the extent that a response is required, the Defendant denies the allegations in paragraph 1.

2. The Defendant states that the allegations contained in this paragraph constitute legal conclusions and/or assertions of a jurisdictional basis for this action and therefore do not require a response. To the extent that a response is required, the Defendant admits that venue is proper.

3. The Defendant states that the allegations contained in this paragraph constitute legal conclusions and/or assertions of a jurisdictional basis for this action and therefore do not require a response. To the extent that a response is required, the Defendant denies the allegations in paragraph 3.

## ADMINISTRATIVE PROCEDURES/EXHAUSTION OF REMEDIES

4. The Defendant states that the allegations contained in this paragraph constitute legal conclusions and/or assertions of a jurisdictional basis for this action and therefore do not require a response. To the extent that a response is required, the Defendant denies the allegations in paragraph 4.

5. The Defendant states that the allegations contained in this paragraph constitute legal conclusions and/or assertions of a jurisdictional basis for this action and therefore do not require a response. To the extent that a response is required, the Defendant states that a Final Agency Decision was issued on or about February 19, 2008 and denies the remaining allegations in paragraph 5.

## PARTIES

6. Defendant admits only that Plaintiff was a Special Agent (S/A) GS 1811-13-03 federal law enforcement officer with the U.S. Dept. Of Commerce, Bureau of Industry and Security, Office of Export Enforcement ("OEE"). Defendant specifically denies that Plaintiff was forced to resign. Defendant lacks knowledge or information about the remaining allegations in paragraph 6, and therefore denies them.

7. Defendant admits the allegations in paragraph 7 to the extent that Carlos, not Carols, Gutierrez is the Secretary of the Department of Commerce.

8. Defendant denies that SAC Estrada is a defendant, but admits the remaining

allegations in paragraph 8.

9.    Defendant specifically denies that ASAC Charles Sheridan is a defendant and denies was demoted.  Defendant admits the remaining allegations in paragraph 9.

## RELEVANT NON-PARTIES

10.    Defendant admits the allegations in paragraph 10.

11.    Defendant admits the allegations in paragraph 11.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

12.    Defendant admits only that Plaintiff worked as a Special Agent for the OEE's Los Angeles Field Office (LAFO) for approximately seven years and that she had received cash awards.  Defendant denies the remaining allegations in paragraph 12.

13.    Defendant lacks sufficient knowledge or information about the allegations in this paragraph, and therefore denies the allegations in paragraph 13.

14.    Defendant admits only that Special Agent (S/A) Sheridan became the Assistant Special Agent in Charge (ASAC) of the LAFO on April 2, 2006 and served as Plaintiff's first-level supervisor.  Defendant lacks sufficient knowledge or information about the remaining allegations in paragraph 14, and therefore denies them.

15.    Defendant denies the allegations in paragraph 15.

16.    Defendant denies the allegations in paragraph 16.

17.    Defendant denies the allegations in paragraph 17.

18.    Defendant denies the allegations in paragraph 18.

19.    Defendant denies the allegations in paragraph 19.

20.    Defendant admits only that cameras were visibly mounted to the wall in the office vestibule, evidence room, and interview room, and specifically denies that there were any cameras mounted to observe Plaintiff behind her office door by video surveillance.  Defendant lacks sufficient knowledge or information about the

remaining allegations in paragraph 20, and therefore denies them.

21.     Defendant denies the allegations in paragraph 21.

22.     Defendant admits only that ASAC Sheridan received a voicemail message from Plaintiff on or about June 21, 2006 regarding sick leave. Defendant lacks sufficient information and knowledge about the remaining allegations in paragraph 22, and therefore denies them.

23.     Defendant admits only that ASAC Sheridan instructed Plaintiff to report to the office by 1:00 p.m. on June 21, 2008. Defendant denies the remaining allegations in paragraph 23.

24.     Defendant admits only that ASAC Sheridan and SAC Estrada met with Plaintiff upon her arrival at the LAFO. Defendant denies the remaining allegations in paragraph 24.

25.     Defendant admits only that Plaintiff stated that she had stayed at the home Todd Carter. Defendant lacks sufficient knowledge or information about the remaining allegations in paragraph 25, and therefore denies them.

26.     Defendant admits only that Plaintiff provided Defendant with a written statement of the events of June 20-21, 2006. Defendant lacks sufficient knowledge or information about allegations in paragraph 26 describing Plaintiff's feelings, state of mind or understandings and therefore denies them. Defendant denies the remaining allegations in  paragraph 26.

27.     Defendant admits only that ASAC Sheridan called Plaintiff's mother on or around June 21, 2008. Defendant denies the remaining allegations in paragraph 27.

28.     Defendant admits only that a Special Agent from LAFO went to Plaintiff's home on or around June 21, 2008 to inquire of her whereabouts, and was told by Plaintiff's mother that Plaintiff was not home. Defendant lacks sufficient information or knowledge about the remaining allegations in paragraph 28, and therefore denies them

29.    Defendant denies the allegations in paragraph 29.

30.    Defendant admits only that agents used their GOVs for limited personal errands consistent with the Special Agent's Manual (SAM) without being disciplined or questioned about intimate details of their personal lives. Defendant lacks sufficient knowledge and information about the remaining allegations in paragraph 30, and therefore denies them.

31.    Defendant admits only that some time after June 21, 2008 ASAC Sheridan informed Plaintiff that SAC Estrada was planning to contact the FBI. Defendant lacks sufficient knowledge or information about the remaining allegations in paragraph 31, and therefore denies them.

32.    Defendant admits only that Plaintiff was due to report to a meeting in Washington D.C. on July 5, 2006 and ASAC Sheridan showed Plaintiff information about a flight that departed California on July 4, 2006. Defendant denies the remaining allegations of paragraph 32.

33.    Defendant denies the allegations in paragraph 33.

34.    Defendant lacks sufficient knowledge or information about the allegations in paragraph 34, and therefore denies them.

35.    Defendant lacks sufficient knowledge or information about the allegations in paragraph 35, and therefore denies them.

36.    Defendant lacks sufficient knowledge or information about the allegations in paragraph 36, and therefore denies them.

37.    Defendant denies that Plaintiff ever notified ASAC Sheridan of her change of marital status or that Plaintiff asked ASAC Sheridan whether she needed to take any other actions and that he failed to respond. Defendant lacks sufficient knowledge or information about the remaining allegations in paragraph 37, and therefore denies them.

38.    Defendant lacks sufficient knowledge or information about the allegations in paragraph 38, and therefore denies them.

39. Defendant admits only that ASAC Sheridan was not a Human Resources officer. Defendant lacks sufficient information about the remaining allegations in paragraph 39, and therefore denies them.

40. Defendant admits only that Plaintiff, SAC Estrada and ASAC Sheridan met on or about July 11, 2008. Defendant denies the remaining allegations in paragraph 40.

41. Defendant lacks sufficient knowledge or information about the allegations in paragraph 41, and therefore denies them.

42. Defendant denies the allegations in paragraph 42.

43. Defendant lacks sufficient knowledge or information about the allegations in paragraph 43, and therefore denies them.

44. Defendant denies the allegations in paragraph 44.

45. Defendant lacks sufficient knowledge or information about the allegations in paragraph 45, and therefore denies them.

46. Defendant lacks sufficient knowledge or information about the allegations in paragraph 46, and therefore denies them.

47. Defendant admits the all the allegations in paragraph 47, except for the allegation regarding the restrictions placed on other individuals in the LAFO about which Defendant lacks sufficient knowledge or information, and therefore denies.

48. Defendant admits only that ASAC Sheridan and Plaintiff discussed Plaintiff's unhappiness with her employment at the LAFO and that Plaintiff expressed her feeling that she was being treated differently from the other employees, especially with having to check in with management each day, and her concern that other agents were allowed to fuel their GOVs on their way to work. Defendant denies the remaining allegations in paragraph 48.

49. Defendant admits only that ASAC Sheridan asked Plaintiff if she planned on leaving LAFO and explained how if she left before administrative actions were taken, the action would simply stop. Defendant denies the remaining allegations of

1  paragraph 49.
2  50.   Defendant denies the allegations in paragraph 50.
3  51.   Defendant lacks sufficient knowledge or information about the allegations in
4  paragraph 51, and therefore denies them.
5  52.   Defendant lacks sufficient knowledge or information about the allegations in
6  paragraph 52, and therefore denies them.
7  53.   Defendant lacks sufficient knowledge or information about the allegations in
8  paragraph 53, and therefore denies them.
9  54.   Defendant lacks sufficient knowledge or information about the allegations in
10 paragraph 54, and therefore denies them.
11 55.   Defendant lacks sufficient knowledge or information about the allegations in
12 paragraph 55, and therefore denies them.
13 56.   Defendant lacks sufficient knowledge or information about the allegations in
14 paragraph 56, and therefore denies them.
15 57.   Defendant lacks sufficient knowledge or information about the allegations in
16 paragraph 57, and therefore denies them.
17 58.   Defendant lacks sufficient knowledge or information about the allegations in
18 paragraph 58, and therefore denies them.
19 59.   Defendant lacks sufficient knowledge or information about the allegations in
20 paragraph 59, and therefore denies them.
21 60.   Defendant lacks sufficient knowledge or information about the allegations in
22 paragraph 60, and therefore denies them.
23 61.   Defendant admits the allegations in paragraph 61.
24 62.   Defendant admits only that on or about August 14, 2006, other than
25 Plaintiff, all agents in the LAFO were male, that SAC Sheridan issued Plaintiff
26 two, not three, assignments, and Plaintiff did not receive per diem.  Defendant
27 lacks sufficient information or knowledge about the remaining allegations in
28 paragraph 62, and therefore denies them.

63. Defendant admits only that Plaintiff was scheduled to participate in a search warrant in Newhall, California on August 15, 2006, that certain male agents stayed the night before the search and received per diem, based on the proximity of their residences to the warrant location, and that Plaintiff did not receive per diem. Defendant denies the remaining allegations in paragraph 63.

64. Defendant admits only that Plaintiff completed the Las Vegas trip on August 16, 2006 and that she called in to the office on August 17, 2006. Defendant lacks sufficient knowledge or information about the remaining allegations in paragraph 64, and therefore denies them.

65. Defendant admits only that Plaintiff's assignments on August 21, 2006 required her to drive to Agoura Hills and Camarillo, and that Plaintiff did not receive per diem. Defendant lacks sufficient knowledge or information about the remaining allegations in paragraph 65, and therefore denies them.

66. Defendant admits only that on August 22, 2006, Plaintiff received a Notice of Proposed Suspension and a Resolution Agreement which included a waiver of certain rights. Defendant lacks sufficient knowledge or information about the remaining allegations in paragraph 66, and therefore denies them.

67. Defendant admits only that Plaintiff emailed SAC Estrada and ASAC Sheridan on August 23, 2006, informing them that she would resign. Defendant lacks sufficient knowledge or information about the remaining allegations in paragraph 67, and therefore denies them.

68. Defendant admits only that Plaintiff worked on August 26, did not receive overtime pay, night differential or compensatory time. Defendant denies all remaining allegations in paragraph 68.

69. Defendant lacks sufficient knowledge or information about the allegations in paragraph 69, and therefore denies them.

70. Defendant lacks sufficient knowledge or information about the allegations in paragraph 70, and therefore denies them.

71.   Defendant lacks sufficient knowledge or information about the allegations in paragraph 71, and therefore denies them.

72.   Defendant lacks sufficient knowledge or information about the allegations in paragraph 72, and therefore denies them.

73.   Defendant lacks sufficient knowledge or information about the allegations in paragraph 73, and therefore denies them.

74.   Defendant lacks sufficient knowledge or information about the allegations in paragraph 74, and therefore denies them.

75.   Defendant admits only that ASAC Sheridan instructed Plaintiff to provide a doctor's note for her sick leave.  Defendant lacks sufficient knowledge or information about the remaining allegations in paragraph 75, and therefore denies them.

76.   Defendant denies the allegations in paragraph 76.

77.   Defendant lacks sufficient knowledge or information about the allegations in paragraph 77, and therefore denies them.

78.   Defendant lacks sufficient knowledge or information about the allegations in paragraph 78, and therefore denies them.

79.   Defendant lacks sufficient knowledge or information about the allegations in paragraph 79, and therefore denies them.

**FIRST CAUSE OF ACTION**

**(Gender Discrimination Against Defendant Gutierrez)**

80.   Defendant's responses to the allegations set forth in Paragraphs 1 through 79 above are restated and incorporated herein by reference.

81.   Defendant admits only that Plaintiff received a final agency decision. Defendant denies the allegation in paragraph 81.

82.   Defendant denies the allegation in paragraph 82.

83.   Defendant denies the allegation in paragraph 83.

84.   Defendant denies the allegation in paragraph 84.

## SECOND CAUSE OF ACTION

### (Retaliation Against Defendant Gutierrez)

85. Defendant's responses to the allegations set forth in Paragraphs 1 through 79 above are restated and incorporated herein by reference

86. Defendant admits only that Plaintiff received a final agency decision. Defendant denies the allegation in paragraph 86

87. Defendant denies the allegations in paragraph 88.

88. Defendant denies the allegations in paragraph 88.

89-119. Defendant states that the allegations in numbered paragraphs 89 through 119 of the FAC have been dismissed and withdrawn, accordingly, no response is necessary. To the extent a response is required, Defendant generally and specifically denies the allegations in these paragraphs.

Any and all allegations of the FAC not hereinbefore otherwise answered are hereby generally and specifically denied.

## PRAYER FOR RELIEF

The remaining allegations of the FAC constitute prayers for relief, and therefore no responsive pleading is necessary. In the event that the Court determines a responsive pleading to be necessary, Defendant denies the remaining allegations of the FAC and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief, declaratory relief, mandamus, attorney's fees, costs of suit, interest award, or any damages, including any special, general, compensatory, actual, consequential, incidental damages, whatsoever.

### THIRD AFFIRMATIVE DEFENSE

1  The Court lacks subject matter jurisdiction over this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly exhaust her administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are time-barred.

### SIXTH AFFIRMATIVE DEFENSE

With respect to any and all personnel actions at issue, Defendant had at least one legitimate, nondiscriminatory, good faith, lawful and nonretaliatory reason for the actions taken

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they were settled, dismissed, or abandoned.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by reason of the FAC and that judgment be rendered in favor of Defendant, denying Plaintiff any form of relief.
2. That Defendant be awarded the costs of suit incurred in defense of this action, and
3. For such other and further relief as the Court deems proper.

Dated: October 30, 2008

                                        Respectfully submitted,
                                        THOMAS P. O'BRIEN
                                        United States Attorney
                                        LEON W. WEIDMAN
                                        Assistant United States Attorney
                                        Chief, Civil Division

                                                /s/
                                        INDIRA J. CAMERON-BANKS
                                        Assistant United States Attorney
                                        Attorneys for Defendant Carlos Gutierrez
                                        Secretary of Commerce